**STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Petitioner, Appellant,**

v.

**Marc Davis PETERSEN, Respondent.**

**No. C6–83–664.**

Supreme Court of Minnesota.

July 13, 1984.

**634**

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, James B. Early, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Mark G. Stephenson, Rochester, for respondent.

WAHL, Justice.

The Olmsted County Court rescinded the order of the Commissioner of Public Safety revoking Marc Davis Petersen's driver's license. The court held that evidence of blood alcohol concentration was inadmissible because no standards had been promulgated regarding the training of persons who draw blood to test for alcohol concentration. We reverse.

Petersen was validly stopped and arrested and consented to a blood test to determine alcohol concentration. There is no dispute that the technician who drew his blood was qualified to draw blood and experienced in doing so.

The only question in this case is whether the lack of written training standards more specific than statutory requirements as to who may draw blood, as stated in Minn. Stat. § 169.123, subd. 3 (1982), preclude the use of the test result to revoke Petersen's license. This issue is squarely addressed and decided in two companion cases filed today, *Quimby v. State*, Case Nos. C2-83-1021 and C6-83-1068, 351 N.W.2d 629. The decision in those cases holds that the training standards for those authorized to draw blood samples for later analysis for alcohol concentration promulgated by the Commissioner of Public Safety are sufficient to meet the statutory requirement. Nothing in this record precludes the use of the result of Petersen's blood test to revoke his driver's license under section 169.-123, subd. 4.

Reversed.